UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER,<br><br>　　　　Plaintiff,<br>　　v.<br><br>CITY OF SUNNYVALE,<br><br>　　　　Defendant. | Lead Case No.  5:20-cv-00824-EJD<br><br> Consolidated with No. 5:20-cv-00826 EJD<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINTS**<br><br>**RE: DKT.  NO. 85** |
| SAN FRANCISCO BAYKEEPER,<br><br>　　　　Plaintiff,<br>　　v.<br><br>CITY OF MOUNTAIN VIEW,<br><br>　　　　Defendant. | |

Plaintiff San Francisco Baykeeper ("Plaintiff") initiated suits against Defendants City of Sunnyvale ("Sunnyvale") and City of Mountain View ("Mountain View") under the citizen suit enforcement provisions of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.* ("Clean Water Act" or "CWA"), to address allegedly unlawful discharges of bacteria pollution by these Cities.[1]  Plaintiff has brought a motion for leave to file second amended complaints.  Dkt. No. 85.  Defendants filed an opposition (Dkt. No. 95) and Plaintiff filed a reply (Dkt. No. 96).

---

[1] Sunnyvale and Mountain View are hereinafter collectively referred to as the "Cities" or "Defendants."

CASE NO.: 5:20-CV-00824-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
1

The Court finds this motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the motion is granted.

## I.  BACKGROUND

On February 4, 2020, Plaintiff initiated suit against Sunnyvale and Sunnyvale Environmental Services Department, alleging (1) discharges of dry-weather non-stormwater and raw sewage via exfiltration, in violation of Discharge Prohibition A.1. of the MS4 Permit and the CWA; and (2) discharges of stormwater with pollutants in violation of Receiving Water Limitation B.1. and B.2. of the MS4 Permit and the CWA. *San Francisco Baykeeper v. City of Mountain View*, No. 20-cv-826-EJD, Comp., Dkt. No. 1. That same day, Plaintiff initiated a similar suit against Mountain View, the Mountain View Fire Department, and the Mountain View Public Works Department. *San Francisco Baykeeper v. City of Mountain View*, No. 20-cv-826-EJD, Comp., Dkt. No. 1. On April 28, 2020, Plaintiff filed First Amended Complaints removing previously-named municipal departments as defendants. In July of 2020, the Court consolidated the two actions pursuant to the stipulation of the parties and issued a Case Management Order setting September 14, 2020, as the deadline for amending the pleadings. Discovery commenced in November 2020 and closed on May 28, 2021.

Plaintiff filed a motion for partial summary judgment on August 26, 2021, and filed the instant motion for leave to file Second Amended Complaints on September 2, 2021. Expert discovery closed on September 3, 2021. A trial date has not been set.

## II.  STANDARD

Because Plaintiff filed its motion for leave to amend after the deadline set in the Scheduling Order, Plaintiff must meet the "good cause" standard of Federal Rule of Civil Procedure 16. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017). If good cause is shown, the moving party must next demonstrate that amendment is appropriate under Rule 15(a) of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). To determine whether leave to amend should be granted under Rule 15(a), courts consider: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and

CASE NO.: 5:20-CV-00824-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1  (4) futility of the amendment. *Id*. at 607.

2  **III.    DISCUSSION**

3  Defendants do not oppose Plaintiff's motion to the extent the proposed Second Amended Complaints eliminate the alleged violations of Receiving Water Limitation B.1. This portion of Plaintiff's motion is therefore granted as unopposed. The only issue remaining is whether Plaintiff should also be granted leave to add new allegations regarding sources of non-stormwater to support the claimed Discharge Prohibition A.1. violations. Plaintiff contends that during fact discovery, it identified sources of non-stormwater not specifically alleged in the prior complaints, and after deposing Defendants' experts on August 9, 10, 16, and 30, 2021, it determined it was necessary to amend the pleadings. The newly identified sources of non-stormwater are fecal indicator bacteria ("FIB") from exfiltration from the Collection System, leaking private sewer laterals, private sewer lateral overflows, leaking or failed septic systems, recreational vehicles wastewater dumping, illicit wastewater connections, homeless encampments, outdoor defecation, pet waste, trash receptacle leachate, and wildlife waste. Defendants argue that the proposed amendments will impermissibly alter the scope of litigation, necessitate further discovery, and delay trial.

**A.    Good Cause**

Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment." *Id*. at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). "If that party was not diligent, the inquiry should end." *Id*.

Plaintiff's proposed amendments are supported by good cause. Plaintiff stated reason for the proposed amendments is to identify sources of non-stormwater that were not specifically identified in its complaint. Plaintiff first learned about the additional sources of non-stormwater during discovery and promptly sought leave to amend. For example, Defendants produced information regarding sources of non-stormwater up to the end of expert discovery. *See* Rebuttal

CASE NO.:   5:20-CV-00824-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
3

Expert Report of Mansour Nasser dated August 2, 2021, Dkt. No. 93-1. On August 10, 2021, Mr. Nasser confirmed during his deposition that there were septic systems in Sunnyvale. Sasaki Decl., ¶ 4, Ex. 1, Dkt. No. 97-1 at 5 ( "On the matter of septic tanks, I'm of the opinion that there are septic tanks within Sunnyvale, the exact number of which is not confirmed."). Plaintiff filed the instant motion within weeks of discovering facts regarding septic systems in Sunnyvale.

Defendants contend that Plaintiff knew or should have known about the sources of non-stormwater earlier because they were discussed in the Cities' C.1. Report filed in June of 2020. *See* Pl.'s Req. for Judicial Notice, Ex. 17, Dkt. 84-1 at 438, 440, and 456. However, that Report states that there are no known septic tanks within Sunnyvale (*id*. at 428)—an assertion later contradicted by Mr. Nasser. Therefore, the Court rejects Defendants' contention that Plaintiff knew or should have known about sources of non-stormwater any earlier.

Defendants next contend that Plaintiff's proposed amendments should not be allowed because they modify and expand the allegations and scope of the litigation, citing *E.E.O.C. v. Bakery*, No. 13-cv-4507-BLF, 2016 WL 1301173, at *3 (N.D. Cal. Apr. 4, 2016). However, *Bakery* is distinguishable. In *Bakery*, the court denied plaintiff's motion to add alleged retaliatory actions taken after the filing of the complaint, reasoning that the injection of "*new retaliation claims*" at such a late date would disrupt the entire case schedule, and delay trial by a year or two. *Id*. (emphasis in original). Unlike in *Bakery*, Plaintiff's proposed allegations do not relate to events that took place after the filing of the complaints. Nor do the allegations inject new claims. Instead, the proposed amendments specify sources of non-stormwater. Further, unlike in *Bakery*, there is no need to adjust the case schedule because all pretrial deadlines have passed and a trial date has not been set. Defendants assert that the proposed amendments will require re-opening discovery, asserting that "(t)he current state of evidence lacks any specific factual instances related to the newly alleged sources, and Baykeeper's experts provided no opinions related to the expanded sources of bacteria." Opp'n at 7. Plaintiff, however, states the opposite. Reply at 6, 8. Plaintiff represents that the proposed amendments are based on facts, documents and testimony already produced during fact and expert discovery, and that it has no need to conduct any

CASE NO.: 5:20-CV-00824-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
4

additional discovery. Reply at 3, 6, 8. Furthermore, both Plaintiff's and Defendants' experts alike have been deposed regarding the new sources of non-stormwater. *Id.* at 6-7. Therefore, Defendants' assertion regarding the need to re-open discovery is unpersuasive.

In sum, the Rule 16(b) good cause standard is satisfied.

### B. Rule 15 Factors

The Rule 15 factors weigh in favor of granting Plaintiff leave to amend. First, there is no evidence of bad faith, and Defendants do not contend otherwise. Second, as discussed previously, Plaintiff did not delay seeking leave to amend the complaints. Third, as discussed previously, the proposed amendments will not cause unfair prejudice because they will not necessitate re-opening discovery and a trial date has not yet been set. Fourth, Defendants argue that the proposed amendments "may well be futile as well since [Plaintiff's] own expert has opined that other sources of bacteria besides exfiltration are unlikely." Opp'n at 4 n.2. Defendants, however, make no attempt to show that the proposed amendments are legally insufficient under Federal Rule of Civil Procedure 12(b)(6). Alternatively, Defendants argue that the proposed amendments may be futile if the Court grants the pending summary judgment motion based on lack of standing or other grounds. This is too speculative of a basis to deny leave to amend.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion for leave to file a second amended complaint is GRANTED. Plaintiff shall file the Second Amended Complaint no later than seven (7) days after the Court issues a ruling on the parties' pending motions for summary judgment (Dkt. Nos. 81, 91).

**IT IS SO ORDERED.**

Dated: June 3, 2022

EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:20-CV-00824-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
5