Jason R. Flanders (Bar No. 238007)
Email: jrf@atalawgroup.com
Erica A. Maharg (Bar No. 279396)
Email: eam@atalawgroup.com
AQUA TERRA AERIS LAW GROUP LLP
4030 Martin Luther King, Jr. Way
Oakland, CA 94609
Phone: (510) 735-9262

Daniel Cooper (Bar No. 153576)
Email: daniel@sycamore.law
SYCAMORE LAW, INC.
1004-B O'Reilly Avenue
San Francisco, California 94129
Telephone: (415) 360-2962

Eric Buescher (Bar No. 271323)
Email: eric@baykeeper.org
Nicole C. Sasaki (Bar No. 298736)
Email: nicole@baykeeper.org
SAN FRANCISCO BAYKEEPER
1736 Franklin Street, Suite 800
Oakland, California 94612
Telephone: (510) 735-9700
Facsimile: (510) 735-9160

**Attorneys for Plaintiff**
SAN FRANCISCO BAYKEEPER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER, a California non-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SUNNYVALE, a municipality, <br><br> Defendant, and. <br><br> CITY OF MOUNTAIN VIEW, a municipality, <br><br> Defendant. | Lead Case No.:  5:20-cv-00824-EJD <br><br> *Consolidated Case No.:  5:20-cv-00826-EJD* <br><br> **OPPOSITION TO MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT** <br><br> Judge: Hon. Edward J. Davila <br><br> Action Filed: 2/4/2020 |

## I. INTRODUCTION

Almost seven months after the Court took Plaintiff San Francisco Baykeeper's ("Baykeeper" or "Plaintiff") Motion for Partial Summary Judgment and Defendants' Cross-Motion for Summary Judgment ("Cross-Motion") under submission, Defendants City of Sunnyvale and City of Mountain View ("Cities" or "Defendants") ask this Court for leave to supplement the briefing on their Cross-Motion. ECF No. 135 ("Motion"). Defendants argue that the San Francisco Regional Water Quality Control Board's ("Regional Board") amendment of the Municipal Regional Stormwater Permit on May 11, 2022 ("Amended Permit") requires additional briefing on the Cross-Motion.

Defendants are incorrect. First, the Cities failed to follow the procedures for filing an administrative motion under Local Rule 7-11, specifically the duty to seek a stipulation. Second, Defendants have failed to provide any plausible legal theory for why the Amended Permit affects their Cross-Motion or Plaintiff's Motion for Partial Summary Judgment (collectively, "MSJs"). The Amended Permit does not affect the Court's analysis of Plaintiff's standing based on the existence of ongoing violations—those inquiries focus on the time the Complaint was filed, not subsequent events. The Motion should be denied.[1]

## II. ARGUMENT

### A. DEFENDANTS FAILED TO FOLLOW PROCEDURAL REQUIREMENTS.

Although not titled as such, Defendants' Motion is one regarding a "miscellaneous administrative matter[]," and is governed by Local Rule 7-11. Local Rule 7-11 requires that the moving party seek a stipulation from other parties prior to filing. *See* Local Rules 7-11, 7-12. Defendants failed to follow this requirement. Instead, Defendants notified Baykeeper that they "plan[ned] to file a motion for leave to file a supplemental brief on our cross-motion for summary judgment soon to inform the judge about the permit reissuance." ECF No. 135-1 at 753. Yet nowhere did Defendants ask Plaintiff to stipulate to any relief. *See id*. at 751-53. Moreover, Defendants' last correspondence was sent on Friday, July 15, 2022 at 3:41 p.m., in which they gave no indication they intended to file the motion on Monday before Plaintiff responded. *Id*. at 751. This does not meet

---

[1] If the Court grants the Cities' request to file their supplemental brief and for judicial notice, Plaintiff requests 28 days from the date of that order to file a substantive opposition brief.

Defendants' obligation to seek a stipulation as required by Local Rule 7-11. Ignoring procedural requirements results in unnecessary expenditure of the parties' and Court's limited resources. By failing to follow the correct procedure, Plaintiff is required to respond within four days to a 1,500-page filing. The Court should deny the Motion on these grounds alone.

### B. DEFENDANTS HAVE NOT PROVIDED ANY VALID RATIONALE AS TO THE LEGAL SIGNIFICANCE OF THE AMENDED PERMIT ON THE ISSUES RAISED IN THE MSJs.

Defendants argue that, because their Cross-Motion mentions that the Regional Board was considering issuing a new Municipal Regional Stormwater Permit, they should be permitted to supplement briefing on their Cross-Motion. *See* ECF No. 135 at 3-4. Defendants state the Amended Permit is "new and relevant information." *Id*. While it is new, there is nothing relevant about it.

Defendants cross-moved for summary judgment on two issues: "1) whether Baykeeper lacks Article III standing such that this Court lacks jurisdiction over this case, and 2) whether Baykeeper's bacteria water quality data meets the minimum requirements for applicability and reliability to hold the Cities liable for alleged permit violations." ECF No. 91 at 2. As to the latter issue, the Amended Permit does not affect whether the sampling is reliable, and Defendants do not argue otherwise.

Nor is the standing inquiry affected by the Amended Permit.[2] "Standing is determined at the time of the lawsuit's commencement, and [the Court] must consider the facts as they existed at that time the complaint was filed." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 850 (9th Cir. 2007) (citing *Lujan,* 504 U.S. at 569 n. 4); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Serv.*, 528 U.S. 167, 180 (2000) ("[W]e have an obligation to assure ourselves that [plaintiff] had Article III standing at the outset of the litigation."). Baykeeper had standing at the time the complaint was filed—that matter requires no new briefing.

Moreover, even in cases where a permittee has come into full compliance with a permit during the pendency of litigation (the Cities have not) or where injunctive relief is somehow inappropriate or unavailable, a plaintiff's injury remains redressable through civil penalties for past violations.[3] *See*

---

[2] Defendants do not argue in the Motion or the Supplemental Brief that Plaintiff no longer has standing because of the Amended Permit.

[3] Baykeeper does not concede that the Cities are complying with the Amended Permit. The

3
OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

*Weinberger v. Romero-Barcelo,* 456 U.S. 305, 318-20 (1982); *Laidlaw*, 528 U.S. at 174, 192; *Natural Resources Defense Council, Inc. v. Texaco Ref. & Mktg. Inc.*, 2 F.3d 493, 502-03 (3d Cir. 1993); *Gill v. LDI*, 19 F. Supp. 2d 1188, 1196 (W.D. Wa. 1998).

In their Notice of Motion, Defendants state that the Amended Permit "more clearly specifies that there are no ongoing violations of the Permit or the Federal Water Pollution Control Act ["Clean Water Act"]." ECF No. 135 at 2. However, Clean Water Act "§ 505 confers jurisdiction over citizen suits when the citizen-plaintiffs make a good-faith allegation of continuous or intermittent violation . . .." *Gwaltney of Smithfield v. Chesapeake Bay Found*., 484 U.S. 49, 64 (1987). "Subject matter jurisdiction is determined with respect to circumstances <u>at the time the complaint is filed</u>. […] Post-filing events are thus incapable of stripping a court of its properly conferred jurisdiction." *Natural Resources Defense Council, Inc. v. Texaco Ref. & Mktg. Inc.*, 2 F.3d 493, 502 (3d Cir. 1993) (internal citation omitted).

The *Gwaltney* Court specifically rejected the argument that a plaintiff has the burden of showing ongoing violations *throughout* the litigation, as Defendants assert here. *See Gwaltney*, 484 U.S. at 66-67. A plaintiff's burden is met when they allege an ongoing violation <u>when the complaint is filed</u>. *See Natural Resources Defense Council, Inc.,* 2 F.3d at 503 ("once a citizen plaintiff establishes an ongoing violation of a parameter at the time the complaint is filed, the court is obliged to assess penalties for all proven violations of that parameter"). Only facts evidencing whether "defendant's continued violation had been completely eradicated when citizen-plaintiffs filed suit" are relevant to this inquiry. *Chesapeake Bay Foundation v. Gwaltney*, 844 F.2d 170, 72 (4th Cir. 1988), *on remand from* 484 U.S. 49 (1987). Because the Amended Permit was adopted two years after the Complaint was filed, it cannot impact the Court's analysis of whether Baykeeper has properly shown violations were ongoing at the time the Complaint was filed.

---

Amended Permit did not modify Receiving Water Limitation B.2, which prohibits discharges that cause or contribute to violations of water quality standards. ECF No. 135-1 at 13. Emails with the Cities have made clear that the Cities are not implementing their C.1 Report or the requirements of the Amended Permit. *See* ECF No. 135-1 at 751-53 (Defendants' counsel indicating they have not conducted any water quality monitoring, as required by their C.1 Report). Because the Cities have not undertaken the actions required by the Amended Permit, they do not fall under the protections from enforcement of Receiving Water Limitations in the Amended Permit.

Even if the Amended Permit affects the "ongoing violation" inquiry (it does not), Defendants did not raise this issue in their Cross-Motion and should not be permitted to raise a wholly new argument through supplemental briefing. Defendants' Cross-Motion did not argue that the Amended Permit would make it impossible for Plaintiff to show ongoing violations. Defendants cite to the discussion in the Cross-Motion, wherein they assert that the prior MS4 Permit did not provide for enforcement of Discharge Prohibitions but merely required Defendants to submit a report pursuant to Provision C.1 of that permit. ECF No. 135-1 at 3 (citing to ECF No. 91 at 30:15-34:15). That argument relied solely on an untenable construction of the MS4 Permit in effect at the time; it had nothing to do with the Amended Permit. ECF No. 91 at 30-34. And Defendants do not mention "ongoing violations" in that section. *Id.* The only place in their Cross Motion they raised "ongoing violations" is within the context of Baykeeper's sampling (ECF No. 91 at 24), which is not impacted by the Amended Permit. Defendants' attempt to raise a wholly new argument through supplemental briefing should be rejected.

Subsequent events, such as the Amended Permit, are only relevant to the extent they render a plaintiff's claims moot. *See Gwaltney*, 484 U.S. at 66-67. Defendants did not raise mootness in their Supplemental Brief, and since that issue was not briefed during the MSJs, it could not be raised through supplemental briefing.[4]

Finally, the Amended Permit does not immunize Defendants from past violations of the prior MS4 Permit. *See* ECF 135-1 at 13 (Amended Permit stating prior MS4 Permit is not rescinded for enforcement purposes). Defendants have provided no plausible argument that the Amended Permit affects the Court's analysis of the issues raised in the MSJs, and thus the Motion should be denied.[5]

---

[4] Defendants' choice to frame their argument as Plaintiff failing to show ongoing violations, rather than mootness, is significant, because the burden and standard is far different under mootness doctrine. "In seeking to have a case dismissed as moot, however, the defendant's burden 'is a heavy one.' 345 U.S., at 633. The defendant must demonstrate that it is '*absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur.' *United States v. Phosphate Export Assn., Inc.,* 393 U.S. 199, 203 (1968) (emphasis added)." *Gwaltney*, 484 U.S. at 66. Defendants cannot clear this high bar.

[5] Because the Amended Permit is irrelevant to the issues raised in the MSJs, Defendants Request for Judicial Notice of the Amended Permit and related documents should be denied. ECF No. 135-2.

### C. GRANTING THE MOTION WOULD UNNECESSARILY DELAY A DECISION ON THE MSJS AND PREJUDICES BAYKEEPER.

Granting Defendants' Motion would significantly delay this matter from proceeding, prejudice Baykeeper, and have no impact on the outcome of the MSJs. The briefing on the MSJs has been completed since October 21, 2021 (*see* ECF No. 106), and the Court took the MSJs under submission after the hearing on January 27, 2022. Opening up the MSJs to further briefing will only serve to delay a decision on the MSJs. The Amended Permit's language was not even finalized in October when briefing was completed and there is no dispute the Amended Permit's C.1 and C.14 requirements *were not in effect prior to July 2022*, making them irrelevant to the Cities' conduct prior to that date. If Defendants want to raise new issues, they should follow the proper procedure of filing a noticed motion rather than attempt to add irrelevant evidence and argument to a motion that has been pending for over six months.

If the Court is inclined to consider the Supplemental Brief submitted by Defendants, Baykeeper asks that the Court give Baykeeper a minimum of twenty-eight (28) days after any order to respond to the issues raised by Defendants. The Amended Permit was adopted on May 11, 2022 (a final draft of the Permit was not circulated until mid-April), and Defendants did not file their Motion until sixty-eight (68) days later. Defendants took over two months to prepare their Supplemental Brief, and, in fairness, Plaintiff should be afforded adequate time to respond.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion for Leave to File a Supplemental Brief in Support of Defendants' Cross-Motion for Summary Judgment should be denied. Alternatively, Plaintiff requests twenty-eight days to respond to the Supplemental Brief and Request for Judicial Notice if the Court grants Defendants the administrative relief they seek.

Respectfully submitted,

Dated: July 22, 2022         AQUA TERRA AERIS LAW GROUP

/s/ Erica A. Maharg
Erica A. Maharg
Attorneys for Plaintiff
SAN FRANCISCO BAYKEEPER