DOWNEY BRAND LLP
MELISSA A. THORME (Bar No. 151278)
mthorme@downeybrand.com
BRIAN E. HAMILTON (Bar No. 295994)
bhamilton@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
Telephone:   (916) 444-1000
Facsimile:   (916) 444-2100

*Attorneys for Defendants,*
CITY OF SUNNYVALE and CITY OF MOUNTAIN VIEW

JOHN A. NAGEL, City Attorney (Bar No. 164796)
jnagel@sunnyvale.ca.gov
CITY OF SUNNYVALE
456 West Olive Avenue
Sunnyvale, CA 94086
Telephone:   (408) 730-7464

*Attorneys for Defendant,*
CITY OF SUNNYVALE

JENNIFER LOGUE (Bar No. 241910), City Attorney
MEGAN J. MAREVICH (Bar No. 288358), Assistant City Attorney
Megan.Marevich@mountainview.gov
CITY OF MOUNTAIN VIEW
500 Castro Street
Mountain View, CA 94041
Telephone:   (650) 903-6303

*Attorneys for Defendant,*
CITY OF MOUNTAIN VIEW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER, a California non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SUNNYVALE, a municipality;<br><br>    Defendant, and<br><br>CITY OF MOUNTAIN VIEW, a municipality; Defendant. | Case No. 5:20-CV-00824-EJD<br>*Consolidated with Case No. 5:20-CV-00826-EJD*<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Crtrm: 4<br>Judge: Edward J. Davila |

## I. INTRODUCTION

The Court should reject Plaintiff San Francisco Baykeeper, Inc.'s ("Baykeeper") effort to prevent the Court from considering the relevance of the reissued Municipal Regional Stormwater National Pollutant Discharge Elimination System Permit ("Permit"). As set forth in the Motion for Leave to File a Supplemental Brief in Support of the Cities Combined Opposition to Plaintiff's Motion for Partial Summary Judgment and Defendants' Cross-Motion for Summary Judgment ("Motion to Supplement") filed by Defendants City of Sunnyvale and City of Mountain View ("Cities"), the reissued Permit is highly germane to the arguments pending before the Court in the cross-motions for summary judgment. Because rulings on the cross motions for summary judgment remain outstanding, the Cities complied with all applicable local rules in filing the Motion to Supplement. The Court should disregard Baykeeper's improper attempt to raise new substantive arguments in its opposition to the Motion to Supplement, and the Court should deny Baykeeper's request for 28 days to prepare additional supplemental briefing. In the alternative, if the Court permits Baykeeper to provide additional argument on the issue of standing, the Court should also provide the Cities the opportunity for further briefing as well.

## II. ARGUMENT

### A. The Cities Complied with All Applicable Local Rules

Baykeeper argues that the Cities failed to comply with Northern District of California Local Rule 7-11, which requires a party filing a motion for administrative relief to first seek a stipulation from the opposing party. (Opposition 2:17-3:4, ECF No. 136.) Baykeeper's argument is off-base for two reasons. First, the requirement to seek a stipulation does not apply since the Cities filed the Motion to Supplement pursuant to Local Rule 7-3(d) (or Rule 7-9), not a motion for administrative relief. (ECF No. 135.) Baykeeper cites no authority suggesting that a motion to supplement new evidence represents a motion for administrative relief under Rule 7-11, which includes examples of **motions to exceed otherwise applicable page limitations or motions to file documents under seal**. Second, as Baykeeper itself notes, the Cities did in fact confer with Baykeeper prior to filing their motion, and Baykeeper did not indicate that any willingness to stipulate to a supplemental brief. (ECF No. 136 at 2:21-23, citing ECF No. 135-1 at 751-753.)

2    Case No. 5:20-CV-00824-EJD
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO FILE A
SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

Further, even if Rule 7-11(a) did arguably apply, the Cities substantively complied with the stipulation requirement by contacting Baykeeper about the substance of the Motion to Supplement that it planned to file. Tellingly, Baykeeper does not assert that it would have stipulated to the Cities' motion. Because Baykeeper never intended to stipulate to the Motion to Supplement, no evidence supports what Baykeeper refers to as an "unnecessary expenditure of the parties' and Court's limited resources." (ECF No. 136 at 3:2.) The Court should reject Baykeeper's effort to conceal the substantive implications of the Permit reissuance on procedural grounds.

**B.**     **Baykeeper Is Not Entitled to Raise New Substantive Arguments and Should Not Be Given Additional Time to File Additional Briefing**

Baykeeper raises new substantive arguments on the issue of Article III standing and requests 28 days to prepare additional briefing. (ECF No. 136 at 3:5-5:21.) Baykeeper is not entitled to raise new arguments in a supplemental brief. (N.D. Cal. Civ. 7-9(c).) Baykeeper's request for additional time should also be denied. Baykeeper's request appears premised on its assertion that the Cities took over two months to prepare their Motion for Leave to File a Supplemental Brief, and thus Baykeeper should be given a similar length of time to draft a response. (ECF No. 136 at 6:12-36.) Baykeeper's assertion is incorrect. The Permit did not become effective until July 1, 2022. (ECF No. 135-1 at 12.) The Cities did not receive the transcript for the May 11, 2022 permit reissuance hearing until July 12, 2022. (Thorme Declaration in Support of Reply at ¶ 2.) The Cities did not receive the State Water Resources Control Board's letter denying Baykeeper's administrative petition for review challenging the Permit until July 13, 2022. (*Id.* at ¶ 3.) Upon receiving the transcript and the letter, the Cities promptly began drafting the brief Motion to Supplement and Supplemental Brief, and filed within 3 business days. (*Id.* at ¶ 4.) In order to not raise new arguments in a motion to supplement, the Cities filed only a basic description of the reissued Permit and explained how the reissued Permit fit into the context of the arguments the Cities already made in their prior briefing. If the Court allows Baykeeper to provide additional briefing on the issue of Article III standing, the Cities would welcome the opportunity to also provide additional briefing on the issues germane to the Permit reissuance if the Court desires.

If the Court denies the Motion to Supplement and Supplemental Brief, the Cities request that this decision be without prejudice to file another motion. (*See e.g.,* Court's Order Denying Motion to Dismiss, ECF No. 57 at 22 ("The Court recognizes that circumstances may change significantly if and when the Regional Board takes action beyond what it has done to date. If there is a change in circumstances such that this suit significantly threatens to "supplant" rather than "supplement" (*Gwaltney*, 484 U.S. at 60) the Regional Board's action, Sunnyvale may renew its request to dismiss pursuant to the primary jurisdiction doctrine."), and at 19 (finding previous version of the Permit at Provision C.1. referred to C.14., which the Court found "applies to discharges of bacteria, that provision only applies to San Pedro Creek and Pacific State Beach, not to all of the Receiving Waters.")[1]; *see also* Permit, ECF No. 135-1, Ex. A at 183-190, (new section C.14.a., applicable to the Cities' receiving waters).)

### III.   CONCLUSION

For the reasons stated herein, the Cities respectfully request that the Court grant the Cities' Motion to Supplement and not permit Baykeeper to file any additional supplemental briefing on the issue of Article III standing.

DATED: July 27, 2022          DOWNEY BRAND LLP

By: _/s/ Melissa Thorme_

MELISSA A. THORME
Attorneys for Defendants,
CITY OF SUNNYVALE and CITY OF MOUNTAIN VIEW

---

[1] *See also* Court's Order Denying Motion to Dismiss in Related/Consolidated Case No. 5:20-cv-00826-EJD, ECF No. 46 at 16 and 13.