UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SUNNYVALE, et al.,<br><br>Defendants. | Case No.  5:20-cv-00824-EJD<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 186 |

## I.    BACKGROUND

On June 27, 2023, the Court granted Defendants City of Sunnyvale and City of Mountainview's (collectively, "the Cities") leave to file a motion for reconsideration of the Court's summary judgment order ("Prior Order") solely as to the question of whether *Sackett v. Env't Prot. Agency*, 598 U.S. 651 (2023), affects the Court's conclusion that the bodies of water at issue in this case are "Waters of the United States" ("WOTUS") under the Clean Water Act ("CWA").  Order Re Intervening Change of Law, ECF No. 183; *see also* Order Granting Summ. J. ("Prior Order"), ECF No. 139.  The Court found additional discovery unnecessary for the motion for reconsideration and allowed the parties to refer only to existing discovery taken.  Order Re Intervening Change of Law 1.

On July 26, 2023, the Cities filed their motion for reconsideration.  Mot. for Recons., ECF No. 186.  In their motion, the Cities concede that the San Francisco Bay still qualifies as WOTUS, and request reconsideration of the Court's findings regarding Guadalupe Bay, Stevens Creek, Calabazas Creek, and Sunnyvale East Channel.  *Id.* at 13.  Plaintiff, San Francisco Bay Keeper ("Baykeeper"), filed an opposition, and the Cities filed a reply.  Opp'n to Mot. for Recons.

1    ("Opp'n"), ECF No. 187; Reply in Supp. of Mot. for Recons. ("Reply"), ECF No. 188.

2    On September 1, 2023, Baykeeper filed objections, arguing that the Cities' inclusion of

3    new evidence in their reply was improper under the Court's Order to only reference discovery

4    already conducted.  Objections, ECF No. 189.  The Cities filed a response to these objections,

5    arguing that the new evidence in their reply was submitted as rebuttal evidence to new evidence in

6    Baykeeper's opposition.  Response to Pl.'s Objections, ECF No. 190.  Baykeeper then filed a

7    separate administrative motion for leave to take deposition and file a surreply in response to the

8    Cities' response to its objections.  Admin. Mot. for Leave, ECF No. 191.  The Cities filed an

9    opposition to this request.  Opp'n to Admin. Mot. for Leave, ECF No. 193.

10   For the reasons stated below, the Court **DENIES** the Cities' motion to reconsider,

11   **SUSTAINS** Baykeeper's objections, and **TERMINATES** as moot Baykeeper's request for leave

12   to take a deposition and file a surreply.

## II.    LEGAL STANDARD

14   Federal Rule of Civil Procedure 59(e) governs motions for reconsideration.  A district

15   court may reconsider its grant of summary judgment under Rule 59(e).  *Sch. Dist. No. 1J,*

16   *Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  "Under Rule 59(e), a

17   motion for reconsideration should not be granted, absent highly unusual circumstances," which

18   includes "where the district court is presented with newly discovered evidence, committed clear

19   error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v.*

20   *Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also* Civ. L.R. 7-9(a).  Accordingly,

21   reconsideration is an "extraordinary remedy, to be used sparingly in the interest of finality and

22   conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th

23   Cir. 2000).

24   Improper use of Rule 59(e) includes relitigating old matters or raising arguments or

25   presenting evidence that could have been raised prior to the entry of judgment.  *Zimmerman v.*

26   *City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  A party also may not use a motion for

27   reconsideration to present new arguments that should have been raised prior to judgment.  *Kona*

United States District Court
Northern District of California

1  *Enters.*, 229 F.3d at 890 ("A Rule 59(e) motion may not be used to raise arguments or present

2  evidence for the first time when they could reasonably have been raised earlier in the litigation.");

3  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)

4  ("A motion for reconsideration may not be used to raise arguments or present evidence for the first

5  time when they could reasonably have been raised earlier in the litigation.").

6  **III.     DISCUSSION**

7      **A.     Baykeeper's Evidentiary Objections and Motion for Leave**

8      As an initial matter, Baykeeper filed evidentiary objections to the Cities providing opinion

9  testimony in their reply related to the hydrology of Stevens Creek, Calabazas Creek, and

10  Sunnyvale East Channel in the form of a declaration from Ms. Sandahl.  *See* Objections.

11  Baykeeper moved to strike Ms. Sandahl's declaration in its entirety.  *Id.*  Baykeeper also

12  separately requested leave to take a deposition of Ms. Sandahl and file surreply.  Admin. Mot. for

13  Leave.  The Cities argue that Ms. Sandahl's declaration is not new expert testimony, but rather

14  rebuttal facts to the new charts in Baykeeper's expert Mr. Wren's report, included in Baykeeper's

15  opposition, that were not previously provided to the Cities.  Opp'n to Admin. Mot. for Leave.

16      In its Order granting leave to file their motion for reconsideration, the Court explicitly

17  denied the Cities' request for additional discovery and instructed the parties to only refer to

18  existing discovery taken.  Order Re Intervening Change of Law 1.  The Cities' motion for

19  reconsideration is based on an intervening change of law, not on newly discovered evidence.

20      The Court finds that Ms. Sandahl's declaration is new evidence, and it was not disclosed

21  prior to the Cities' reply in support of their motion for reconsideration.  Therefore, the Court

22  **SUSTAINS** Baykeeper's objection.  The Court will disregard any reference to, or argument based

23  on, Ms. Sandahl's declaration in the Cities' reply.  However, the Court finds it unnecessary to

24  strike the declaration from the record.

25      The Court is also troubled by the inclusion of new charts in Mr. Wren's report that were

26  not previously provided to the Cities.  While the Cities did not object to this evidence, the Court

27  also finds that this evidence is improper under the Court's Order to use only existing discovery.

28  Case No.: 5:20-cv-00824-EJD
ORDER DENYING MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

1    Therefore, in fairness to the Cities, the Court will also disregard any reference to, or argument

2    based on, the additional charts included in Mr. Wren's report, located at ECF No. 187-1 at 4–7.

3         Because the Court sustains Baykeeper's objection and will not consider Ms. Sandahl's

4    declaration, Baykeeper's motion for leave to depose Ms. Sandahl and file a surreply is

5    **TERMINATED** as moot.

6         **B.    Prior Order**

7         At the time of the Court's Prior Order, the CWA did not define WOTUS, thereby creating

8    a "murky issue for courts."  Prior Order 18.  The only recent guidance from the Supreme Court

9    was a plurality opinion in *Rapanos v. U.S.*, 547 U.S. 715 (2006), finding that the CWA covered

10   wetlands near ditches and drains that empties into navigable waters several miles away.  Four

11   Justices concluded that the CWA's coverage was limited to "relatively permanent" bodies of

12   water, and Justice Kennedy concluded in his concurrence that CWA jurisdiction requires a

13   "significant nexus" between the wetland and its adjacent navigable waters, whereby the wetlands

14   significantly affected the chemical, physical, and biological integrity of those waters.  *Id.* at 755,

15   779–80.  The plurality opinion noted that "relatively permanent" "do[es] not necessarily exclude

16   streams, rivers, or lakes that might dry up in extraordinary circumstances, such as drought," or

17   "*seasonal* rivers, which contain continuous flow during some months of the year but no flow

18   during dry months."  *Id.* at 732 n.5 (emphasis original).  Following *Rapanos*, courts engaged in

19   analyses under both "relatively permanent" and "significant nexus" tests.  As the *Sackett* Court

20   later summarized, under the EPA's Rule at the time of the Prior Order, "traditional navigable

21   waters, interstate waters, and the territorial seas, as well as their tributaries and adjacent wetlands,

22   [were] waters of the United States. So [were] any '[i]ntrastate lakes and ponds, streams, or

23   wetlands' that either have a continuous surface connection to categorically included waters or

24   have a *significant nexus* to interstate or traditional navigable waters."  *Sackett*, 598 U.S. at 669

25   (emphasis added).

26        In the absence of binding authority, the Court reviewed which guidance to apply in its

27   Prior Order.  *Id.* at 18–20.  The Court ultimately decided to apply the EPA's 2015 Rule for the

28   Case No.: 5:20-cv-00824-EJD
     ORDER DENYING MOTION FOR RECONSIDERATION

*United States District Court*
*Northern District of California*

1  purposes of determining whether a violation occurred during January and February of 2019, and

2  the 2019 Rule for purposes of determining whether there is an ongoing violation.  *Id.* at 19–20.

3  The 2015 Rule included a "significant nexus" requirement.  *Id.* at 18.  Under the significant nexus

4  requirement, the Court noted that "waters are WOTUS if they, either alone or in combination with

5  similarly situated waters in the region, significantly affect the chemical, physical, or biological

6  integrity of traditional navigable waters, interstate waters, or the territorial seas."  *Id.*  Under this

7  guidance, the Court found that the San Francisco Bay, Guadalupe Slough, Stevens Creek,

8  Calabazas Creek, and Sunnyvale East Channel are all WOTUS.  *See id.* at 20–22.

### 1.    San Francisco Bay and Guadalupe Slough

10  The Court found it undisputed that the South San Francisco Bay is a traditionally navigable

11  water that is tidally influenced and therefore WOTUS.  *Id.* at 20.  The Court also found that the

12  Guadalupe Slough is tidally influenced and therefore WOTUS.  *Id.*

### 2.    Stevens Creek and Calabazas Creek

14  The Court identified the following undisputed facts: "Stevens Creek and Calabazas Creek

15  were artificially extended to South San Francisco Bay, and have tidally influenced portions closest

16  to the Bay. A section of Stevens Creek has water flowing year-round, while another section has

17  only seasonal intermittent water flowing. Calabazas Creek also has a portion with intermittent

18  seasonal flow."  *Id.* at 20.  Based on these facts, the Court found that the Stevens Creek and

19  Calabazas Creek are both WOTUS because each creek is a tributary of a WOTUS.  *Id.* at 20–21;

20  *see also* 80 Fed. Reg. at 37,057 ("Tributary streams, including perennial, intermittent, and

21  ephemeral streams, are chemically, physically, and biologically connected to downstream waters,

22  and influence the integrity of downstream waters.").  The Court also noted that artificial waters

23  and water with intermittent flow can be WOTUS, rejecting the Cities' argument that the creeks are

24  not WOTUS because the streams are manmade and seasonally intermittent.  Prior Order 21.

### 3.    Sunnyvale East Channel

26  The Court identified the following undisputed facts: "Sunnyvale East Channel is a

27  manmade water that conveys stormwater runoff, irrigation water runoff, and groundwater to

United States District Court
Northern District of California

1     Guadalupe Slough and the Bay." *Id.* at 21.  The Court found that the Sunnyvale East Channel is a

2     WOTUS because it is a tributary of a WOTUS, and it satisfies the (then-applicable) "significant

3     nexus" test.  *Id.* at 21–22.  The Court again noted that artificial waters can be WOTUS.  *Id.*

4         **C.      The Supreme Court's Decision in *Sackett***

5             Following the Court's Prior Order, the Supreme Court resolved the dispute over the

6     CWA's applicability to wetlands.  In *Sackett*, the Supreme Court adopted the plurality opinion in

7     *Rapanos* authored by Justice Scalia and held that "the CWA's use of 'waters' encompasses 'only

8     those relatively permanent, standing or continuously flowing bodies of water forming

9     geographic[al] features that are described in ordinary parlance as streams, oceans, rivers, and

10    lakes.'"  *Sackett*, 598 U.S. at 671 (quoting *Rapanos*, 547 at 739).  In other words, the Supreme

11    Court disposed of the prior "significant nexus" standard from Justice Kennedy's concurring

12    opinion and held in place the "relatively permanent" standard from Justice Scalia's plurality

13    opinion.  *See id.*

14            Following *Sackett*, the EPA revised the definition of WOTUS to remove the "significant

15    nexus" standard and replace it with the "relatively permanent" standard throughout the regulation.

16    Now, under the revised EPA regulations post-*Sackett*, WOTUS in general terms includes four

17    categories of waters: (1) territorial seas, interstate waters, or waters which are susceptible to use in

18    interstate or foreign commerce including being tidally influenced; (2) impoundments of waters

19    defined as WOTUS; (3) <u>tributaries of waters defined as WOTUS under categories 1 and 2 that are</u>

20    <u>relatively permanent, standing or continuously flowing bodies of water</u>; (4) wetlands adjacent to

21    waters defined as WOTUS under category 1, or adjacent to waters defined as WOTUS under

22    categories 2 and 3 with a continuous surface connection to those waters; and (5) intrastate lakes

23    and ponds that are relatively permanent, standing or continuously flowing bodies of water with a

24    continuous surface connection to waters defined as WOTUS.  *See* 40 C.F.R. § 120.2 (emphasis

25    added).

26        **D.      Reconsideration Analysis**

27            The Court finds that *Sackett* does not alter its conclusion that the remaining waters are

28    Case No.: 5:20-cv-00824-EJD
ORDER DENYING MOTION FOR RECONSIDERATION
6

*United States District Court*
*Northern District of California*

1    WOTUS—protection still exists for seasonal rivers, creeks, and streams that are tributaries to

2    covered waters.[1]

3        First, the Court found that Guadalupe Slough is tidally influenced.  Prior Order 20.  *Sackett*

4    did not do away with the long-standing rule that tidally influenced waters are WOTUS.[2]  *See, e.g.,*

5    40 C.F.R. § 120.2(a)(1)(i).

6        Second, the Court found that the Stevens and Calabazas Creeks are seasonal, relatively

7    permanent tributaries to a WOTUS.  Prior Order 20–21.  While the Court did not expressly cite the

8    "relatively permanent" standard that the *Sackett* Court adopted from *Rapanos*, having a seasonally

9    intermittent flow to a WOTUS nonetheless qualifies as "relatively permanent" under *Sackett* and

10   *Rapanos*.  *See Rapanos*, 547 U.S. at 732 n.5 (finding that "relatively permanent" "do[es] not

11   necessarily exclude streams, rivers, or lakes that might dry up in extraordinary circumstances, such

12   as drought," or "*seasonal* rivers, which contain continuous flow during some months of the year

13   but no flow during dry months." (emphasis in original)); *see also Sackett*, 598 U.S. at 671 ("[W]e

14   conclude that the *Rapanos* plurality was correct.").  The Cities take issue with the word

15   "intermittent," highlighting that the plurality in *Rapanos*, adopted by the Court in *Sackett*, stated

16   that WOTUS "does not include channels through which water flows intermittently or

17   ephemerally."  Reply 5 (internal quotations omitted) (quoting *Rapanos*, 547 U.S. at 739).

18   However, the creeks here clearly differ from the "ordinarily dry channels through which water

19   occasionally or intermittently flows" or the "transitory puddles or ephemeral flows of water"

20   referenced in *Rapanos*.  *Rapanos*, 547 U.S. at 733.  When read in context with the other evidence

21

22   [1] As an initial matter, the Court rejects the Cities' arguments that the waters here must be
     traditionally navigable to qualify as WOTUS—*Sackett* made no findings that would alter the long-

23   understood fact that the CWA applies to more than just traditionally navigable waters.
     [2] The Court is unpersuaded by the Cities' argument that *Sackett* calls into question whether

24   sloughs specifically can be WOTUS.  *See* Reply 2.  The Cities' citations to "sloughs" in *Sackett*
     are misplaced.  *Sackett* did not hold that sloughs cannot be WOTUS.  Rather, the Supreme Court

25   included "sloughs" in a long list of examples of waters that courts have grappled with in the past:
     "The Act applies to 'the waters of the United States,' but what does that phrase mean? Does the

26   term encompass any backyard that is soggy enough for some minimum period of time? Does it
     reach 'mudflats, sandflats, wetlands, sloughs, prairie potholes, wet meadows, [or] playa lakes?'

27   How about ditches, swimming pools, and puddles?"  *Sackett*, 598 U.S. at 658–59.  Clearly, the
     *Sackett* Court made no findings specific to sloughs.

28   Case No.: 5:20-cv-00824-EJD
     ORDER DENYING MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

United States District Court
Northern District of California

1    presented, it is clear that the creeks here flow intermittently in the sense that they flow seasonally,

2    whereby they contain a continuous flow during some months and no flow during dry months, and

3    more than in direct response to precipitation, which *Rapanos* explicitly does not exclude from the

4    definition of WOTUS.  *See id.* at 732 n.5

5        Third, the Court found that Sunnyvale East Channel is a tributary to a WOTUS, but the

6    Court did not discuss facts regarding the Channel's relative permanence.  Prior Order 21–22.  This

7    is the only section of the Court's analysis where it applied the "significant nexus" standard that

8    *Sackett* has now rejected.  *Id.*  However, the Court finds that Sunnyvale East Channel still qualifies

9    as WOTUS under the "relatively permanent" standard because it flows continuously during certain

10   times of the year.  *See, e.g.,* Wren Expert Report, ECF No. 92-10 at 21 ("Sunnyvale East Channel

11   discharges on an intermittent basis throughout the year."), 18 (defining "intermittent" as "surface

12   water flowing continuously during certain times of the year and more than in direct response to

13   precipitation (e.g., seasonally when the groundwater table is elevated)").  Again, though the Cities

14   take issue with the word "intermittent," it is clear that it is used here to mean that the Sunnyvale

15   East Channel flows seasonally, and more than in direct response to precipitation, which *Rapanos*

16   explicitly does not exclude from the definition of WOTUS.  *See Rapanos*, 547 U.S. at 732 n.5.

17   Further, the Court notes that *Sackett* did not do away with the long-standing rule that manmade

18   waters can qualify as WOTUS.[3]

19       Therefore, because the Court's prior findings are not altered by *Sackett*, the Court will not

20   disturb its Prior Order.[4]

21

22   _____

23   [3] The Court is unpersuaded by the Cities' argument that *Sackett* calls into question whether
     manmade channels with continuous seasonal flows such as this can be WOTUS merely because
     they are manmade.  *See* Mot. for Recons. 9–10.  The Cities' citations to "manmade" in *Rapanos*

24   are misplaced, as the Supreme Court merely lists a manmade drainage ditch and elaborate,
     manmade, enclosed systems as examples of stretching the definition of WOTUS.  *See e.g.,*

25   *Rapanos*, 547 U.S. at 734, 736 n.7.
     [4] The Cities make additional arguments irrelevant to the narrow issue of *Sackett*'s impact on the

26   Court's findings regarding the definition of WOTUS, including arguments regarding standing and
     the Court's finding of liability.  *See, e.g.,* Mot. for Recons. 17–19.  As these topics exceed the

27   limited scope of the Court's leave to file a motion for reconsideration, the Court will not address
     these arguments.

28   Case No.: 5:20-cv-00824-EJD
     ORDER DENYING MOTION FOR RECONSIDERATION

**IV.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Cities' motion for reconsideration, ECF No. 186, **SUSTAINS** Baykeeper's evidentiary objections, ECF No. 189, and **TERMINATES** as moot Baykeeper's request for leave to take deposition and file surreply, ECF No. 191.

**IT IS SO ORDERED.**

Dated: December 11, 2023

EDWARD J. DAVILA
United States District Judge