1

2

3

4              UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6                  SAN JOSE DIVISION

7

8    SAN FRANCISCO BAYKEEPER,              Lead Case No.          20-cv-00824-EJD
                                           Consolidated Case No.   20-cv-00826-EJD
               Plaintiff,
9
                                           **ORDER GRANTING IN PART**
10        v.                               **PLAINTIFF'S MOTION FOR AWARD**
                                           **OF INTERIM ATTORNEY'S FEES**
11   CITY OF SUNNYVALE, et al.,            **AND COSTS; REQUIRING**
                                           **PROVISION OF UNDERLYING**
               Defendants.                 **BILLING RECORDS**
12

13                                         Re: ECF No. 200

14

15        Plaintiff San Francisco Baykeeper ("Plaintiff" or "Baykeeper") brings this suit against

16   Defendants City of Sunnyvale and City of Mountain View (together, "Defendants" or the "Cities")

17   under the citizen suit enforcement provisions of the Federal Water Pollution Control Act (the

18   "Clean Water Act" or the "Act"), 33 U.S.C. §§ 1251, *et seq.*, alleging that the Cities have

19   unlawfully discharged bacteria pollution from their municipal storm sewer systems into the San

20   Francisco Bay and its tributaries.  *See* Second Am. Compl. ("Sunnyvale SAC"), ECF No. 140;

21   Second Am. Compl. ("Mountain View SAC," and with the Sunnyvale SAC, the "SACs"), ECF

22   No. 141.[1]  On September 12, 2022, the Court issued an Order Granting Plaintiff's Motion for

23   Partial Summary Judgment (the "Partial MSJ Order").  *See* Partial MSJ Order, ECF No. 139.

24   Now pending before the Court is Plaintiff's Motion for Interim Attorney's Fees and Costs (the

25

26   ───────────────
     [1] The SACs contain many identical or nearly identical allegations.  When citing any such
27   allegation, the Court will cite to a singular "SAC" for the sake of readability, and will use the
     paragraph number of the Sunnyvale SAC.
28   Case No.: 20-cv-00824-EJD
     ORDER GRANTING IN PART PLTF.'S MOT. FOR INTERIM ATTY.'S FEES AND COSTS

United States District Court
Northern District of California

1   "Motion"), in which Plaintiff argues that an interim award is appropriate under 33 U.S.C. §

2   1365(d) because the Partial MSJ Order made Plaintiff a prevailing party entitled to fees and costs.

3   *See* Mot., ECF No. 200.  Defendants oppose the Motion, and the Court heard oral argument on

4   February 15, 2024.  *See* ECF No. 203.  Having reviewed the parties' written and oral arguments

5   and the governing law, the Court hereby GRANTS IN PART the Motion for the reasons discussed

6   below, and requires that Baykeeper provide the billing records underlying its request.

7   **I.      BACKGROUND**

8       **A.      Parties**

9       Baykeeper is a non-profit public benefit corporation organized under the laws of

10   the State of California with its main office in Oakland, California.  SAC ¶ 9.  Its mission is to

11   protect the San Francisco Bay (the "Bay") from the biggest threats and hold polluters and government

12   agencies accountable to create healthy communities and help wildlife thrive.  *See* Partial MSJ Order 5.

13       The City of Sunnyvale and the City of Mountain View are municipalities formed under the

14   laws of the State of California.  Sunnyvale SAC ¶ 19; Mountain View SAC ¶ 19.

15       **B.      Relevant Factual and Procedural History**

16       The Clean Water Act requires municipalities like the Cities to acquire a National Pollution

17   Discharge Elimination System ("NPDES") permit for discharges from municipal separate storm

18   sewer systems ("MS4s").  *See* 33 U.S.C. § 1342(p)(2).  Non-compliance with an NPDES permit

19   constitutes a violation of the Clean Water Act.  40 C.F.R. § 122.41.  The San Francisco Bay

20   Regional Water Quality Control Board ("Regional Board") is the state entity charged with issuing the

21   federally-enforceable NPDES permit at issue in this case.  *See* Cal. Wat. Code §§ 13001, 13160,

22   13200(b), 13225.  Pursuant to that authority, the Regional Board issued each Defendant an MS4

23   Permit on November 19, 2015.  *See* Partial MSJ Order 3–4.

24       The MS4 Permit includes a provision entitled "Receiving Water Limitations, B.2," which

25   prohibits MS4 discharges that cause or contribute to the violation of any applicable water quality

26   standards ("WQS") for receiving waters.  *See id.* at 4.  WQS are maximum permissible pollutant

27   levels, expressed as numeric limits or in narrative terms, that are sufficiently stringent to protect public

28   Case No.: 20-cv-00824-EJD
ORDER GRANTING IN PART PLTF.'S MOT. FOR INTERIM ATTY.'S FEES AND COSTS

1    health and enhance water quality, consistent with the designated use(s) of the water.  *See id.*

2         From November 2017 to February 2019, Baykeeper sampled for bacteria at several of

3    Defendants' MS4 outfalls and within the surface waters into which the outfalls discharge.  *See id.*

4    at 5.  On February 4, 2020, Baykeeper initiated this lawsuit against each Defendant, arguing the

5    Cities were in violation of the Clean Water Act.  *See* Compl., ECF No. 1; *see also* Compl., Case

6    No. 20-cv-00826 (N.D. Cal.), ECF No. 1 (pre-consolidation).  Baykeeper filed an amended

7    complaint against each Defendant on April 28, 2020 (the "FACs").  *See* FAC, ECF No. 19; *see*

8    *also* FAC, Case No. 20-cv-00826, ECF No. 17. [2]  On July 13, 2020, the Court granted the parties'

9    stipulation to consolidate the cases.  *See* ECF No. 39.  Each Defendant filed an answer on January

10   11, 2021.  *See* ECF Nos. 58, 59.

11        On August 26, 2021, following the Cities' answers and discovery, Baykeeper filed a

12   motion for partial summary judgment on the FACs, seeking a judgment that the Cities are liable

13   for violating Receiving Water Limitation B.2 on three specific days (the "Sampling Days"):

14   January 17, 2019, February 4, 2019, and February 13, 2019.  *See* ECF No. 81; Partial MSJ Order

15   7.  Within a week of filing this motion, Baykeeper moved the Court for leave to file a second

16   amended complaint.  *See* ECF No. 85.  On September 16, 2021, the Cities filed a cross-motion for

17   summary judgment on the ground that Baykeeper lacked standing to bring this action, as well as

18   an opposition to Baykeeper's request to file a second amended complaint.  *See* ECF Nos. 91, 95.

19   The Court heard oral argument on the three motions for summary judgment and the motion to file

20   a second amended complaint, *see* ECF No. 130, and subsequently granted Baykeeper leave to file

21   the operative SACs on June 3, 2022, *see* ECF No. 133, and issued the Partial MSJ Order on

22   September 12, 2022, *see* Partial MSJ Order.

23        For the reasons described in the Partial MSJ Order, the Court determined that the Cities

24   violated Receiving Water Limitation B.2. on the Sampling Days, and that Baykeeper adequately

25   pled an ongoing violation to establish jurisdiction.  *See* Partial MSJ Order 28–29 (finding ongoing

26

27   _____

     [2] All subsequent docket citations refer to the lead case docket.

28   Case No.: 20-cv-00824-EJD
     ORDER GRANTING IN PART PLTF.'S MOT. FOR INTERIM ATTY.'S FEES AND COSTS

                                              3

United States District Court
Northern District of California

1  violation), 23–27 (finding Receiving Water Limitation B.2 violation).  The Court therefore granted

2  Plaintiff's motion for partial summary judgment, and denied Defendants' cross-motion for

3  summary judgment for lack of standing.  *See id.* at 35.

4       Four days later, on September 16, 2022, Baykeeper filed the operative SACs, which, like

5  the FACs, allege that the Cities violated the Clean Water Act, including by violating Receiving

6  Water Limitation B.2.  *See* SAC ¶¶ 130–38.  The Cities subsequently moved to dismiss the SACs,

7  and the Court denied the motion.  *See* ECF Nos. 143, 194.

8       In March 2023, Baykeeper filed a motion for an interim award of attorney's fees and costs

9  based on the Partial MSJ Order.  *See* Appl. Interim Atty's Fees & Costs ("Initial Fee Mot."), ECF

10  No. 171.  After the motion was fully briefed, the Supreme Court issued a decision, *Sackett v.*

11  *United States EPA*, 598 U.S. 651 (2023), and the Court granted the Cities leave to file a motion for

12  reconsideration of the Partial MSJ Order based on the decision.  *See* ECF No. 183.  The Court

13  concurrently terminated Baykeeper's then-pending motion for an interim award, without prejudice

14  to re-noticing the motion following the Court's decision on the reconsideration motion.  *See id.*

15       The Court denied the Cities' motion for reconsideration of the Partial MSJ Order on

16  December 11, 2023.  *See* ECF No. 199.  Baykeeper then filed the pending Motion on December

17  20, 2023, by re-noticing the March 2023 motion.  *See* Mot.  The Cities filed an opposition without

18  referencing their opposition to the March 2023 motion, *see* Opp'n, ECF No. 201, and Baykeeper

19  filed a reply both referencing its prior reply and responding to any new arguments made by the

20  Cities, *see* Reply, ECF No. 202.[3]  The Court heard oral argument on February 15, 2024.  *See* ECF

21  No. 203.

22  **II.    LEGAL STANDARD**

23       In general, "[u]nder the American Rule, 'the prevailing litigant is ordinarily not entitled to

24  collect a reasonable attorney[] fee from the loser.'"  *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec.*

25  *Co.*, 549 U.S. 43, 448 (2007) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S.

26

27  ───────────────
[3] In light of the apparent confusion, the Court will consider all arguments filed by the parties.

28  Case No.: 20-cv-00824-EJD
ORDER GRANTING IN PART PLTF.'S MOT. FOR INTERIM ATTY.'S FEES AND COSTS
4

240, 247 (1975)).  However, Section 505(d) of the Clean Water Act includes a fee shifting

provision that permits prevailing civil plaintiffs to seek attorney's fees.  *See San Francisco*

*Baykeeper, Inc. v. Tosco Corp.*, 309 F.3d 1153, 1156 (9th Cir. 2002) (citing 33 U.S.C. § 1365(a),

(d)).  Specifically, the Act "permits the district court to award costs and attorney's fees to 'any

prevailing or substantially prevailing party, whenever the court determines such award is

appropriate.'"  *Idaho Conservation League, Inc. v. Russell*, 946 F.2d 717, 719 (9th Cir. 1991)

(quoting 33 U.S.C. § 1365(d)).  To award attorney's fees under the Clean Water Act, the district court

must find that (1) the fee applicant is a "prevailing or substantially prevailing party," and (2) an

attorney's fee award is "appropriate."  *See Saint John's Organic Farm v. Gem Cnty. Mosquito*

*Abatement Dist.*, 573 F.3d 1054, 1058 (9th Cir. 2009).

### A.     Prevailing or Substantially Prevailing Party

"Whether a party has prevailed or substantially prevailed is a factual question."  *Idaho*

*Conservation League*, 946 F.2d at 719.  The party seeking fees must show that "(1) as a factual

matter, the relief sought by the lawsuit was in fact obtained as a result of having brought the

action, and (2) there was a legal basis for the plaintiffs' claim."  *Id.* (quoting *Andrew v. Bowen*, 837

F.2d 875, 877 (9th Cir. 1988)).  Although the relief need not be "formal judicial relief," *id.*—for

example, a settlement may confer prevailing party status—the fee applicant "must have obtained

judicially enforceable 'actual relief on the merits of [its] claim that materially altered the legal

relationship between the parties,'" *Saint John's*, 574 F.3d at 1058–59 (internal alterations and

citation omitted).  "The threshold for sufficient relief to confer prevailing party status is not high."

*Id.* at 1059.  A party need only show that it is "succeeded on any significant issue in litigation

which achieved some benefit the parties sought in bringing suit."  *Id.* (quoting *Tex. State Teachers*

*Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)) (alteration omitted).

### B.     Appropriate Fees

In determining whether an attorney's fee award is "appropriate" for purposes of the Clean

Water Act, "the district court may deny attorney's fees to a prevailing plaintiff under § 1365(d)

only where there are 'special circumstances.'"  *Saint John's*, 574 F.3d at 1063 (noting that "special

United States District Court
Northern District of California

circumstances standard was first elaborated in *Newman v. Piggie Park Enterps., Inc.*, 390 U.S. 400 (1968)). The district court therefore has "narrow" discretion to deny a fee award to a prevailing plaintiff, and such a denial is "extremely rare." *Id.* at 1064 (citations omitted).

"When there is 'a complete absence of any showing of special circumstances to render the award of an attorney's fee unjust,' a district court must award a reasonable fee." *Resurrection Bay Conservation Alliance v. City of Seward*, 640 F.3d 1087, 1094 (9th Cir. 2011) (alterations omitted) (quoting *Ackerley Commc'ns, Inc. v. City of Salem*, 752 F.2d 1394, 1398 (9th Cir. 1985)). For example, although "an extremely small amount of relief is sufficient to confer prevailing party status," the "nature and quality of relief may affect the amount of fees awarded." *Saint John's*, 574 F.3d at 1059. Courts generally determine reasonable fees using the lodestar method, *i.e.*, by multiplying the reasonable number of hours spent by a reasonable hourly rate." *See, e.g.*, *United States v. City of San Diego*, 18 F. Supp. 2d 1090, 1102 (S.D. Cal. 1998) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)).

## III.   DISCUSSION

Baykeeper seeks an interim award of $1,828,600.00—comprised of $1,591,055.95 in attorney's fees, $168,002.00 in expert fees, and $69,542.79 in other litigation costs—on the ground that it is a prevailing party following the Partial MSJ Order's finding that the Cities violated Receiving Water Limitation B.2 (and thus the Clean Water Act) on the Sampling Days. *See* Mot. 3; Initial Fee Mot. 6. The Cities oppose the Motion, arguing that Baykeeper's Initial Motion was noncompliant with applicable procedural rules, *see* Opp'n 2–4; that Baykeeper is not a prevailing party, *see id.* at 4–8; and that Baykeeper's fee request is not reasonable, *see id.* at 8–23. The Cities additionally argue that any award should be conditioned on Baykeeper's posting of a bond to ensure the availability of recovery given the interim stage of this action. *See id.* at 23–24. The Court addresses these arguments in turn.

### A.   Procedural Compliance

The Cities argue as a threshold matter that the Motion is untimely under Federal Rule of Civil Procedure 54 and the corresponding local rule, and that Baykeeper additionally failed to

Case No.: 20-cv-00824-EJD
ORDER GRANTING IN PART PLTF.'S MOT. FOR INTERIM ATTY.'S FEES AND COSTS
6

*United States District Court*
*Northern District of California*

1   comply with Local Rule 54's meet and confer requirements. *See* Opp'n 2–4. Baykeeper responds

2   that these rules are inapplicable because the Partial MSJ Order was not a judgment for the

3   purposes of either the federal or local rule, and because its meet and confer process was adequate.

4   *See* Reply in Supp. of Appl. Interim Atty's Fees & Costs ("Initial Reply") 14–15, ECF No. 177.

5        The Court agrees with Baykeeper that neither Federal Rule of Civil Procedure 54 nor Local

6   Rule 54 bar Baykeeper's request for relief. Federal Rule of Civil Procedure 54 addresses motions

7   for attorney's fees following judgment, and defines "'[j]udgment' as used in these rules [to]

8   include[] . . . any order from which an appeal lies." Fed. R. Civ. P. 54(a). A partial summary

9   judgment is not an appealable, *see, e.g.*, *Williamson v. UNUM Life Ins. Co.*, 160 F.3d 1247, 1250

10  (9th Cir. 1998), and Rule 54 is therefore inapposite to the present Motion. Civil Local Rule 54 is

11  based on the federal rule, and therefore similarly inapt. *See* Civil L.R. 54-5(a) ("Motions for

12  awards of attorney's fees . . . must be served and filed within 14 days of entry of judgment."); *see*

13  *also* Commentary, Civil L.R. 54-5(a) (noting the time periods set by Fed. R. Civ. P. 54(d)(2)).

14  The Court therefore rejects the Cities' arguments that the Motion must be denied based on

15  Baykeeper's purported failure to comply with these rules, and turns to the two-step analysis for

16  awarding attorney's fees under the Clean Water Act.

17       **B.**     **Whether Baykeeper is a "Prevailing or Substantially Prevailing Party"**

18       Baykeeper argues that it is a prevailing party because it established the Cities' liability for

19  violating Receiving Water Limitation B.2 on the Sampling Days, and therefore successfully

20  obtained the declaratory relief sought in this action. *See* Initial Mot. 15–16. The Cities argue that

21  Baykeeper has not shown "a judicially-enforceable resolution or relief on the merits of its claim

22  qualifying it as a prevailing party" because (1) the Clean Water Act requires that the basis for a fee

23  award be a "final order" and the Partial MSJ Order is not sufficiently final; (2) the Partial MSJ

24  Order does not change the legal relationship between the parties, such as by creating a legal

25  obligation on the part of the Cities; and (3) Baykeeper has not achieved its stated "primary

26  objective" of addressing the Cities' unlawful discharge of bacteria pollution. *See* Opp'n 4–8.

27       Although the Cities are correct in noting that orders granting partial summary judgment are

United States District Court
Northern District of California

1    generally not considered final—for example, they are not appealable, *see Williamson*, 160 F.3d at

2    1250—the case law makes clear that a Clean Water Act plaintiff who succeeds on a motion for

3    partial summary judgment is entitled to fees under 33 U.S.C. § 1365(d) if the plaintiff establishes

4    the "prevailing party" and "appropriateness" prongs of the analysis.  *See Resurrection Bay*, 640

5    F.3d at 1089, 1091 (reviewing district court's decision on § 1365(d) attorney's fees following

6    order granting partial summary judgment under two-step framework); *see also, e.g.*, *S.F.*

7    *Baykeeper v. W. Bay Sanitary Dist.* ("*West Bay Sanitary*"), No. C–09–5676, 2011 WL 6012936, at

8    *5 (N.D. Cal. Dec. 1, 2011) (finding plaintiff established prevailing party status for purposes of §

9    1365 where court granted plaintiff's motion for partial summary judgment).  The Court therefore

10   rejects the Cities' first argument that the Partial MSJ Order may not be the basis for a § 1365(d)

11   motion for interim attorney's fees because it granted only partial summary judgment.

12          With respect to the Cities' second and third arguments—essentially, that the Partial MSJ

13   Order did not provide Baykeeper sufficient relief to make Baykeeper a prevailing or substantially

14   prevailing party—the Court relies on the Ninth Circuit's guidance that "[t]he threshold for

15   sufficient relief to confer prevailing party status is not high."  *Saint John's*, 574 F.3d at 1059.

16   Here, Baykeeper obtained a legal conclusion that the Cities violated the Clean Water Act on at

17   least the Sampling Days.  *See* Partial MSJ Order 35.  Although the remedies, if any, for these

18   violations are not yet particularized, so that the Cities have no current legal obligation stemming

19   from the Partial MSJ Order, Baykeeper has established the first prong of its prayer for relief on

20   which further relief, such as civil monetary penalties for each violation of the Clean Water Act,

21   may rest.  *See* Sunnyvale SAC 19; Mountain View SAC 18.  As such, Baykeeper has "succeeded

22   on a[] significant issue in litigation which achieved some benefit [it] sought in bringing suit."

23   *Saint John's*, 574 F.3d at 1059.  Thus, "as a practical matter, [Baykeeper is] in a markedly better

24   position than at the outset of [its] lawsuit."  *West Bay Sanitary*, 2011 WL 6012936, at *3 (quoting

25   *Animal Lovers Volunteer Ass'n, Inc. v. Carlucci*, 867 F.2d 1224, 1227 (9th Cir. 1989)).

26          The Court accordingly finds that Baykeeper has established it is a prevailing party for the

27   purposes of § 1365(d).

United States District Court
Northern District of California

1

**C.       Whether the Requested Award is Appropriate**

2

Unless there exist "special circumstances" indicating that a fee award would be

3

inappropriate, the Court must award reasonable attorney's fees to a prevailing plaintiff.  *See Saint*

4

*John's*, 574 F.3d at 1063; *Resurrection Bay*, 640 F.3d at 1094.

5

**1.       Special Circumstances**

6

Baykeeper argues that there are no special circumstances here which would permit the

7

Court to deny an award, and that its requested fees and costs are reasonable.  *See* Initial Mot. 17–

8

27.  The Cities argue that there exist special circumstances that warrant denying attorney's fees

9

because the Partial MSJ Order is not sufficiently final or enforceable, and, relatedly, Baykeeper

10

has over-represented the success of its lawsuit.  *See* Opp'n 8–10.

11

As noted above, courts evaluate, with some regularity, § 1365(d) motions based on orders

12

granting partial summary judgment.  *See supra*, at Part III(B).  The Court accordingly rejects the

13

Cities' arguments that there exists here a "special circumstance" because the Partial MSJ Order

14

does not dispose of the entire action or grant final relief.  *See, e.g.*, *Resurrection Bay*, 640 F.3d at

15

1093 (concluding no special circumstances existed to deny award where district court granted

16

partial summary judgment, even though plaintiff was not granted full relief sought and defendant

17

"had not changed any behavior that existed prior to the lawsuit").

18

Further, the Court finds that Baykeeper has accurately represented its current position,

19

which is that the Court has found the Cities to have violated Receiving Water Limitation B.2 on

20

the Sampling Days.  The Court notes that the Cities appear to state that the Partial MSJ Order did

21

not go as far as to establish any liability because its conclusion stated that "testing results from

22

2019 support a reasonable inference that Defendants violated Receiving Water Limitation B.3d

23

on" the Sampling Days.  *See* Opp'n 8 (quoting Partial MSJ Order 35).  However, just prior to the

24

quoted phrase, the same sentence provides that "Plaintiff's motion for partial summary judgment

25

is GRANTED."  Partial MSJ Order 35.  The Partial MSJ Order noted at the beginning of its

26

analysis that Plaintiff sought "partial summary judgment that . . . (iii) Defendants are liable for

27

violating Receiving Water Limitation B.2" on the Sampling Days.  *Id.* at 7.  To the extent the

28

Case No.: 20-cv-00824-EJD
ORDER GRANTING IN PART PLTF.'S MOT. FOR INTERIM ATTY.'S FEES AND COSTS
9

United States District Court
Northern District of California

1   Court's use of a colon between the two phrases in its conclusion section caused any confusion, the

2   Court here clarifies that the colon was used as a substitute for the word "because," *i.e.*, "Plaintiff's

3   motion for partial summary judgment is GRANTED [because] testing results from 2019 support a

4   reasonable inference that Defendants violated Receiving Water Limitation B.2 on January 17, 2019,

5   February 4, 2019, and February 13, 2019."

6        For these reasons, the Court finds that there are no special circumstances warranting a

7   denial of attorney's fees and costs.

8                           **2.     Reasonableness of Fees**

9        The Court must now determine a reasonable fee award based on the relief Baykeeper

10  obtained through the Partial MSJ Order.  *See Resurrection Bay*, 640 F.3d at 1094 ("When there is

11  'a complete absence of any showing of special circumstances to render the award of an attorney's

12  fee unjust,' a district court must award a reasonable fee.") (citation omitted); *Saint John's*, 574

13  F.3d at 1059 ("[T]he nature and quality of relief may affect the amount of fees awarded.").  Given

14  that the Partial MSJ Order provides only modest relief—a finding of liability as to three specific

15  days, and that Baykeeper has standing to bring the action—the Court is not yet certain that the

16  entirety of the requested award, which Baykeeper states constituted 71% of its total hours at the

17  time of filing the Initial Motion, is "reasonably related to securing liability at summary judgment."

18  Initial Reply 4; *see also* Initial Mot. 18–23.  Baykeeper has provided helpful summaries in the

19  declarations in support of the Initial Motion and Initial Reply, *see* ECF Nos. 171-3–11, 177-1–3,

20  but not the underlying billing records.  The Court will therefore defer its decision on the final

21  amount of the fee award until its review of those records.

22                          **D.     Necessity of Bond Posting**

23       The Cities request that any interim fee award be conditioned upon the posting of a bond

24  "[d]ue to Plaintiff's very large interim fees request."  Opp'n 24.  Because the Court has not yet

25  determined the amount of the fee award, it need not and does not reach this argument.

26  **IV.    CONCLUSION**

27       For the foregoing reasons, it here hereby ORDERED that:

28  Case No.: 20-cv-00824-EJD
    ORDER GRANTING IN PART PLTF.'S MOT. FOR INTERIM ATTY.'S FEES AND COSTS
                                        10

1.   Following the Court's entry of the Partial MSJ Order, Baykeeper is a prevailing or substantially prevailing party entitled to an appropriate attorney's fee award under 33 U.S.C. § 1365(d);

2.   Within 21 days of the entry of this order, Baykeeper shall provide the Court with an *in camera* copy of the billing records underlying its award request, and may coordinate with the Court's courtroom depute to do so; and

3.   No further briefing is required from the parties as to the reasonableness of the fee request.

**IT IS SO ORDERED.**

Dated: March 25, 2024

EDWARD J. DAVILA
United States District Judge