UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SUNNYVALE, et al.,<br><br>Defendants. | Lead Case No.        5:20-cv-00824-EJD<br>Consolidated Case No.  5:20-cv-00826-EJD<br><br>**ORDER AWARDING INTERIM FEES AND COSTS**<br><br>Re: ECF No. 171 |

Plaintiff San Francisco Baykeeper moves for an award of interim attorneys' fees and costs under the Clean Water Act. Appl. for Interim Fees & Costs ("Fee Mot."), ECF No. 171.[1] Earlier, the Court held that Baykeeper was a prevailing party entitled to interim fees but deferred determining the amount of the fee award until after Baykeeper submitted its billing records for the Court's *in camera* review. Order Granting in Part Fee Mot. ("Prior Order"), ECF No. 207. Having received and reviewed the relevant billing records, the Court finds that it is reasonable to award 50% of Baykeeper's requested fees, without prejudice to Baykeeper's ability to seek the remaining balance of its fees and costs upon full resolution of these consolidated cases.

**I.    LEGAL STANDARD**

Under the Clean Water Act, an award of fees and costs must be "reasonable." 33 U.S.C. § 1365(d). To determine a reasonable interim fee award, courts apply a two-step process. First, they perform a lodestar calculation, multiplying "the number of hours reasonably expended on the litigation [] by a reasonable hourly rate." *S.F. Baykeeper v. W. Bay Sanitary Dist.*, No. 09-cv-5676

---

[1] All record citations are to the lead docket.

Case No.: 5:20-cv-00824-EJD
ORDER AWARDING INTERIM FEES & COSTS
1

EMC, 2011 WL 6012936, at *7 (N.D. Cal. Dec. 1, 2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). From this initial lodestar calculation, courts "should exclude . . . hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434. Courts may also reduce the initial calculation when "documentation of hours is inadequate." *Id.* at 433. Second, once the courts have come up with a final lodestar amount by making those adjustments, the courts must then account for "the degree of success obtained" by the party requesting fees. *W. Bay Sanitary Dist.*, 2011 WL 6012936, at *7 (citing *Hensley*, 461 U.S. at 440); *see also Resurrection Bay Conservation All. v. City of Seward*, 640 F.3d 1087, 1095 (9th Cir. 2011) (internal quotation marks omitted) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)) ("[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained."). This means that the courts should further reduce the fee award in relative proportion to the prevailing party's level of success. *W. Bay Sanitary Dist.*, 2011 WL 6012936, at *12.

## II.   DISCUSSION

### A.   Lodestar Calculation

Baykeeper, via its *in camera* submission of billing records, calculates its lodestar fees at $1,591,055.95 on 2,249 total hours of work. The Court reviews those billing records for the reasonableness of Baykeeper's billing rates and hours.

#### 1.   Reasonableness of Rates

To determine a reasonable hourly rate, courts are "guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987). The relevant community is "the forum in which the district court sits"; in this case, the Northern District of California. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

///

///

///

Case No.: 5:20-cv-00824-EJD
ORDER AWARDING INTERIM FEES & COSTS

2

1    Baykeeper proposes the following rates in this case:

| **Timekeeper** | **Role** | **Experience**[2] | **Hourly Rate** |
|---|---|---|---|
| Jason Flanders | Partner | 18 years | $855 |
| Erica Maharg | Partner | 14 years | $795 |
| Kayla Karimi | Associate | 1 year | $350 |
| Esmeralda Bustos | Paralegal | > 10 years | $300 |
| Theresa Trillo | Paralegal | 1.5 years | $250 |
| Daniel Cooper | Partner | 32 years | $975 |
| Jesse Swanhuyser | Partner | 11 years | $750 |
| Jessica Hollinger | Associate | 1 year | $350 |
| Eric Buescher | Managing Attorney | 13 years | $775 |
| Nicole Sasaki | Staff Attorney | 9 years | $675 |
| Unpaid Law Clerks | Law Clerk | N/A | $225 |
| Admin | Admin | N/A | $150 |

*See* Decl. of Christopher Sproul ("Sproul Decl.") ¶¶ 17, 21, 25, 29, 33, 36, 38–39, 41–42, ECF No. 171-4; Decl. of Erica A. Maharg ¶¶ 53, 54, ECF No. 171-10; Decl. of Nicole Sasaki ¶ 25, ECF No. 171-6.

Based on Baykeeper's survey of hourly rates that have been awarded in the Northern District of California in cases of comparable complexity and to attorneys of comparable experience, Sproul Decl. (collecting hourly rate data), the Court finds that each of the attorneys' and paralegals' hourly rates are reasonable. However, even assuming that unpaid law clerks' time is compensable under the Clean Water Act, the Court finds that it would not be reasonable to award fess for that time when Baykeeper did not incur any costs for those law clerks' work. *See*

---

[2] Baykeeper is treating the associates on this matter as attorneys with one year of experience regardless of their actual experience.

Case No.: 5:20-cv-00824-EJD
ORDER AWARDING INTERIM FEES & COSTS
3

1  *Parsons v. Ryan*, 949 F.3d 443, 467–68 (9th Cir. 2020).  And because Baykeeper provides no

2  explanation for who "Admin" encompasses and why it billed time to "Admin" rather than a named

3  timekeeper, the Court finds that it would not be reasonable to award fees for work done by

4  "Admin" either.

### 2. Reasonableness of Hours

Based on the Court's *in camera* review, the hours billed by Baykeeper's attorneys appear by and large to be reasonable.[3]  However, the Court identified various discrepancies that, while not significantly impacting the total lodestar calculation, suggest that in the future, should Baykeeper seek a final fee award, adversarial scrutiny of Baykeeper's billing records by Defendants would be helpful to the Court's decision.  For example, the Court observed that there were several time entries across Baykeeper's billing records with the exact same date, timekeeper, description, and hours.  Although it is possible that some timekeepers happened to separate the same task into two entries (*e.g.*, recording time spent on drafting a brief before and after a lunch break as separate time entries) and coincidentally happened to spend the same amount of time on the activities in both entries, the fact that there were so many *identical* entries implies that there may have been some bug with the timekeeping system that Baykeeper's attorneys used.  Moreover, there were several time entries with identical dates, timekeepers, and descriptions, but where hours differed by exactly 0.1 hours.  Again, once or twice might be a coincidence, but the Court observed this pattern on multiple occasions, suggesting that there may be a larger issue with the timekeeping system.

Baykeeper's billing records also revealed that it spent almost $161,000 in pursuing this fee motion, almost as much as Baykeeper spent in the pre-motion-to-dismiss phase of these consolidated cases (about $169,000) and more than Baykeeper spent to defend its claims against Defendants' motion to dismiss (about $109,000).  The Court finds that it was unreasonable for

---

[3] Fees for Baykeeper's in-house counsel are largely reasonable because Baykeeper's in-house attorneys were mostly performing active litigation work rather than serving as client liaisons.  *See Milgard Tempering, Inc. v. Selas Corp. of Am.*, 761 F.2d 553, 558 (9th Cir. 1985).

Baykeeper to spend so much time on its fee motion given that the fee motion was separate from the merits of its cases.

\*   \*   \*

For the reasons above, the Court finds that some of Baykeeper's rates and hours are not reasonable, justifying a reduction of Baykeeper's lodestar. Because, as the Court explains below, the Court also reduces the fee award to account for Baykeeper's limited success, and the reasonableness reductions identified in this section are small relative to the success reductions, the Court incorporates these reasonableness reductions into the success reductions.

### B. Degree of Success

With these consolidated cases, Baykeeper seeks to hold Defendants responsible for alleged violations of water quality permits related to Defendants' storm sewer systems. Second Am. Compl. Against City of Sunnyvale ("Sunnyvale SAC"), ECF No. 140; Second Am. Compl. Against City of Mountain View ("Mountain View SAC"), ECF No. 141. As relief, Baykeeper asks for a declaration that Defendants violated the relevant water quality permits over the course of several years, an injunction against future permit violations, and civil penalties for specific days of violations. Sunnyvale SAC, Relief Requested; Mountain View SAC, Relief Requested.

Although Baykeeper has prevailed in showing violations, it has only done so for three discrete days, Order Granting Plfs.' Mot. For Partial Summ. J. 35, ECF No. 139, far less than for the multiyear period that Baykeeper seeks relief for. And while Baykeeper has also established its standing to sue in these cases, a prerequisite for seeking further relief, *id.* at 17, standing on its own does not entitle Baykeeper to any remedies. Given Baykeeper's modest success relative to the goals of this litigation, and the issues with the reasonableness of rates and hours identified above, the Court AWARDS 50% of Baykeeper's requested interim fees. Such award is without prejudice to Baykeeper's ability to seek the balance of its fees in a final fee motion once these cases are resolved, and it is also without prejudice to Defendants' ability to further argue against the reasonableness of Baykeeper's fee request.

**C.  Costs**

Baykeeper also seeks costs in the form of expert fees and other expenses.  The Court finds it appropriate to AWARD $69,642.79 in litigation costs.  However, Baykeeper failed to submit any billing records underlying its expert fee request, so the Court cannot determine whether Baykeeper's proposed expert fees are reasonable.  Therefore, the Court DENIES expert fees, without prejudice to Baykeeper's ability to recover those fees at the end of these cases.  Should Baykeeper seek to do so, it must provide billing records documenting its expert's time.

**III.  CONCLUSION**

For the reasons above, the Court AWARDS $795,527.98 in fees and $69,642.79 in costs.[4]  This award is without prejudice to Baykeeper's ability to seek the balance of its fees and costs in a final fee award.  For any future fee motion, though, Baykeeper must file its billing records under seal and provide copies to Defendants.

**IT IS SO ORDERED.**

Dated: September 17, 2024

EDWARD J. DAVILA
United States District Judge

---

[4] Defendants request that Plaintiffs post a bond, but the Court finds no statute or rule authorizing a bond as a condition for receiving attorneys' fees.  Defendants cite two cases, but neither supports their position that Baykeeper must post a bond to *receive* attorneys fees.  In *Ketab Corp. v. Mesriani Law Group*, No. 14-cv-07241, 2016 WL 5921932 (C.D. Cal. Feb. 1, 2016), the court required the party *owing* fees to post a bond before it could appeal the fee award.  And in *Nicodemus v. Chrysler Corp.-Toledo Machining Plant*, 445 F. Supp. 559 (N.D. Ohio 1977), while the court required the party receiving attorneys' fees to post a bond, the court did not cite any statute or rule.  Instead, the *Nicodemus* court cited only to *Patterson v. American Tobacco Co.*, No. 101-73-R, 1975 WL 136 (E.D. Va. Mar. 7, 1975), which in turn cited to no authority at all.  So, the Court declines to impose a bond.

Case No.:  5:20-cv-00824-EJD
ORDER AWARDING INTERIM FEES & COSTS
6