1  ROB BONTA
   Attorney General of California
2  RUSSELL B. HILDRETH
   Supervising Deputy Attorney General
3  MARC N. MELNICK (SBN 168187)
   BRYANT B. CANNON (SBN 284496)
4  Deputy Attorneys General
    1515 Clay Street, 20th Floor
5   P.O. Box 70550
    Oakland, CA  94612-0550
6   Telephone:  (510) 879-1982
    Fax:  (510) 622-2270
7   E-mail:  Bryant.Cannon@doj.ca.gov
   *Attorneys for Amici Curiae California*
8  *State Water Resources Control Board and*
   *California Regional Water Quality Control*
9  *Board, San Francisco Bay Region*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **SAN FRANCISCO BAYKEEPER,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF SUNNYVALE, ET AL.**<br><br>Defendants. | 5:20-cv-00824-EJD<br><br>**CALIFORNIA STATE WATER RESOURCES CONTROL BOARD AND CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD, SAN FRANCISCO BAY REGION MOTION FOR LEAVE TO FILE *AMICUS* BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR RECONSIDERATION**<br><br>Date:        May 22, 2025<br>Time:       2:00 p.m.<br>Dept:        4<br>Judge:      Hon. Edward J. Davila<br>Trial Date: June 10, 2025 |

The State Water Resources Control Board (State Water Board) and the Regional Water Quality Control Board, San Francisco Bay Region (SF Bay Water Board) (together Water Boards) respectfully move for leave to file an amicus curiae brief in support of the Plaintiff's opposition to Defendants' Motion for Reconsideration. ECF No. 278. A copy of the proposed brief is attached as Exhibit A hereto. Plaintiff does not object to this motion. Defendants object to this motion.

## INTEREST OF THE *AMICI*

The State Water Board and nine regional water quality control boards implement the Clean Water Act throughout California, including by issuing National Pollution Discharge Elimination System (NPDES) permits. The SF Bay Water Board[1] issued the NPDES permit at issue in this matter. *Municipal Regional Stormwater NPDES Permit*, NPDES Permit No. CAS612008, Order No. R2-2015-0049, reissued in 2022 as NPDES Permit No. CAS612008, Order No. R2-2022-0018 (Permit).

In conjunction with the U.S. Environmental Protection Agency, the SF Bay Water Board also issued the NPDES permit challenged in the U.S. Supreme Court's recent Clean Water Act decision in *City and County of San Francisco, California v. Environmental Protection Agency*, 145 S. Ct. 704 (2025) (*CCSF v. U.S. EPA*). The State of California filed an *amicus* in support of the U.S. EPA in that matter. In light of its longstanding and continuing interest in the application of the U.S. Supreme Court's recent Clean Water Act decision in *CCSF v. U.S. EPA* and its application to this Permit, the Water Boards seek leave to file an *amicus curiae* brief in support of the Plaintiff's opposition.

---

[1] The SF Bay Water Board is the government agency primarily responsible for water quality in the San Francisco Bay region. Cal. Water Code §§ 13200, 13201, 13225. It has, for decades, issued similar permits for discharges related to the systems discharging stormwater under the federal Clean Water Act, 33 U.S.C. § 1251 et seq.

The NPDES permit program is the "linchpin" of the Clean Water Act's regulatory scheme. *Ecological Rights Found. v. Pacific Lumber Co.*, 230 F.3d 1141, 1145 (9th Cir. 2000). The principal means of enforcing the Clean Water Act's pollution control and abatement provisions is through enforcing permit compliance. *Env't Prot. Agency v. California ex rel. State Water Res. Control Bd.*, 426 U.S. 200, 223 (1976).

Subject to U.S. EPA approval, states may administer their own NPDES permit programs. 33 U.S.C. § 1342(b). California is one such state. *Natural Res. Defense Council, Inc. v. County of Los Angeles*, 725 F.3d 1194, 1198 (9th Cir. 2013); see Cal. Water Code §§ 13370-13389. The SF Bay Water Board generally enforces the permits it issues. As a supplement to enforcement by regulating agencies, the Clean Water Act authorizes citizens to bring their own lawsuits. 33 U.S.C. § 1365. And SF Baykeeper brought this lawsuit on that basis.

As the state entities authorized to administer the NPDES program in California, the Water Boards' *amicus* brief provides a vital perspective otherwise absent from the motion for reconsideration. Allowing the Cities, as permittees, to pursue an improper collateral attack on the state Permit in a federal citizen suit action and improperly extend the scope of the Supreme Court's decision would threaten the NPDES permitting system in California. The Cities' effort to utilize a motion for reconsideration to invalidate permit terms that have already become final would force the permitting authority to participate in litigation to defend the permit terms. However, the Water Boards rely on citizen suits to fill in enforcement gaps and the Water Boards are not generally parties to those suits. Requiring state participation as a party would undermine the very purpose of such citizen suits, be contrary to the structure of the Act, and would impose a serious burden on the Water Boards, which lack the resources to be a party to every possible enforcement action.

Enforcement of water quality control laws is critical to the success of the State's water quality programs and necessary to ensure that Californians have clean water. Allowing collateral attacks on NPDES permits in situations like the one presented here would weaken the NPDES storm water permit system in California, curtail enforcement cases, and impede the Water Boards' ability to protect the quality of the State's waters.

**POINTS AND AUTHORITIES**

"There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citations omitted).

Furthermore, the Ninth Circuit has previously confirmed the importance of *amicus* briefs filed by California Water Boards in district court cases involving NPDES permits. *Natural Res. Defense Council, Inc. v. County of Los Angeles,* 725 F.3d at 1207-08. In fact, the views of the permitting authority are especially "important because one of [the Court's] obligations in interpreting an NPDES permit is 'to determine the intent of the permitting authority....'" *Id*. at 1207 (citation omitted). The Court must give "significant weight to…the permitting authority's interpretation of the relevant permit" in order "to determine the proper scope of an NPDES permit." *Id*. (citation omitted).

1  Here, the Cities raise legal issues that have potential ramifications beyond their two jurisdictions, as evidenced by the application of the Permit to dozens of other Bay Area municipalities, as well as statewide effect due to their effort to raise these issues through improper collateral attack. *Amici* Water Boards, by virtue of their status of permitting agency for NPDES permits generally and, for the SF Bay Water Board, the issuer of this Permit, bring experience and perspective that can assist the court.

**CONCLUSION**

For the reasons summarized herein and set forth with particularity in the attached *amicus* brief, the Water Boards respectfully request that the Court grant this motion and file the *amicus* brief attached as Exhibit A.

Dated: April 28, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
RUSSELL B. HILDRETH
Supervising Deputy Attorney General

/s/ Bryant B. Cannon

BRYANT B. CANNON
Deputy Attorney General
*Attorneys for Amici Curiae
California State Water Resources
Control Board and California
Regional Water Quality Control
Board, San Francisco Bay Region*

OK2025400739