1
2
3
4                   UNITED STATES DISTRICT COURT

5                 NORTHERN DISTRICT OF CALIFORNIA

6                        SAN JOSE DIVISION

7

8    SAN FRANCISCO BAYKEEPER,              Case No.   5:20-cv-00824-EJD

                    Plaintiff,
9                                          **ORDER GRANTING LEAVE TO FILE**
                                           **AMICUS BRIEF**
10        v.

11   CITY OF SUNNYVALE, et al.,            Re: ECF No. 281

                    Defendants.
12

13          In this water quality case, Plaintiff San Francisco Baykeeper alleges that the Cities of

14   Sunnyvale and Mountain View have violated certain terms in the permits that regulate the Cities'

15   wastewater discharges.  The Cities have filed a motion for reconsideration of the Court's prior

16   rulings in this case based on the Supreme Court's recent decision in *City and County of San*

17   *Francisco v. EPA* ("*CCSF*"), 145 S. Ct. 704 (2025).  According to the Cities, this recent decision

18   shows that certain of the permit terms they are alleged to have violated are invalid.  Two

19   California water agencies (Proposed Amici)[1] have moved for leave to file an amicus brief on the

20   reconsideration motion.  ECF No. 281.  Defendants oppose.  ECF No. 292.  Having reviewed the

21   filings on this issue, the Court **GRANTS** leave to file an amicus brief.

22          District courts in this circuit grant leave to file amicus briefs when such briefs aid them in

23   considering "legal issues that have potential ramifications beyond the parties directly involved" or

24   when proposed amici possess "unique information or perspective that can help the court beyond

25   [what] the lawyers for the parties are able to provide."  *Macareno v. Thomas*, 378 F. Supp. 3d 933,

26

27   _____

28   [1] The agencies are the California State Water Resources Control Board and the California
     Regional Water Quality Control Board, San Francisco Bay Region.

United States District Court
Northern District of California

1    940 (W.D. Wash. 2019) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp.

2    2d 1061, 1067 (N.D. Cal. 2005)).  Both are true here.  Questions about the enforcement of water

3    quality standards will likely reverberate well beyond the immediate parties.  And Proposed Amici

4    have a unique perspective to add based on their role in overseeing water regulation in California.

5    Their amicus brief would therefore aid the Court in its decisionmaking.

6            None of the Cities' objections are convincing.

7            ***First***, the Cities argue that the proposed amicus brief is duplicative of arguments that

8    Baykeeper has already made in opposition to the reconsideration motion.  To be sure, there is

9    some overlap.  But some overlap is natural.  In any case, much of the proposed amicus brief

10   provides detail and perspective on the relevant regulatory regimes that are absent from the parties'

11   briefs.  Thus, the proposed brief is not merely duplicative.

12           ***Second***, the Cities allege that permitting the proposed amicus brief would be prejudicial

13   since the Cities would need to address Proposed Amici's arguments on a short timeline.  However,

14   the Court is not aware of any rule or principle that gives parties the right to file a separate brief

15   directly responding to amici.  Typically, when a party wishes to address amicus arguments, they

16   do so in the standard opposition or reply brief.  Moreover, to the extent Proposed Amici's

17   arguments overlap with those of Baykeeper, responding to those overlapping arguments should

18   pose little more burden on the Cities than responding to Baykeeper's arguments alone.  The Court

19   finds that the Cities would not suffer meaningful prejudice from permitting the amicus brief.

20           To the extent that the Cities imply Proposed Amici's brief is untimely, the Court disagrees.

21   There is no local rule or Federal Rule of Civil Procedure that governs amicus practice in district

22   court.  But in the Courts of Appeal and Supreme Court, amicus briefs are due 7 days after the

23   principal brief of the party being supported is filed.  Fed. R. App. P. 29(a)(6); Sup. Ct. R. 37(3).

24   Here, Proposed Amici filed their brief 7 days after Baykeeper filed its opposition.  Therefore, the

25   proposed amicus brief is timely.

26           ***Third***, the Cities suggest that the proposed amicus brief was not authorized because

27   Proposed Amici's public meeting agendas did not contain action items regarding this case.  In

28   essence, the Cities are implying that the California Attorney General's Office filed the proposed

Case No.: 5:20-cv-00824-EJD
ORDER GRANTING LEAVE TO FILE          2

United States District Court
Northern District of California

1  amicus brief without permission from its client.  That is a serious accusation, and the Court will

2  require much more evidence than some meeting agendas before crediting such a claim.  After all,

3  it is far from clear that Proposed Amici even needed to publicly announce that they were

4  considering filing an amicus brief, so the absence of action items regarding this case may mean

5  nothing at all.

6      ***Finally***, the Cities take issue with the fact that Proposed Amici have sued San Francisco in

7  a separate lawsuit and filed an amicus brief before the Supreme Court in *CCSF*, both advancing

8  similar interests to what Proposed Amici advance now.  The Court sees no problem with this;

9  entities will often seek to advance their interests in multiple forums.

10                                    *       *       *

11      In conclusion, the Court **GRANTS** leave to file an amicus brief and deems as filed the

12  proposed amicus brief at ECF No. 281-1.  In their opposition, the Cities requested leave to file an

13  opposition brief rebutting the amicus brief.  The Court does not permit the Cities to file a separate

14  brief, but they may respond to Proposed Amici's arguments in their reply in support of

15  reconsideration.  So far as the Cities believe the standard 15-page limit for replies is not enough to

16  address both Baykeeper's opposition and the amicus brief, the Court expands the limit to 18 pages.

17      **IT IS SO ORDERED.**

18  Dated:  May 2, 2025

19

20

21                                              EDWARD J. DAVILA
                                                United States District Judge
22

23

24

25

26

27

28